UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **EDDIE GENE EVANS** | **CIVIL ACTION NO. 15-2087-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **JAMES M. LEBLANC, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Eddie Gene Evans ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on July 21, 2015. Plaintiff was incarcerated in the Winn Correctional Center in Winnfield, Louisiana, when he filed this complaint. Plaintiff names numerous defendants from Wisconsin and Louisiana including: James M. LeBlanc, Burl Cain, Barry Matheney, Seth Smith, Jerry Goodwin, Timothy Morgan, Peter Bludworth, Mary Harris, Gregory Parker, C.A. Lowe, Jr., Sheryl Ranatza, Greta Jones, Jerrie Ledoux, Marsha Yarborough, Mike Slocum, Rodney Slay, Richard Stalder, Ms. Worthing, Derrick Ellis, Parole Board Member Andrews, Parole Board Member Jacob, Parole Board Member Mims, Parole Board Member Morein, Terry Sanders, Jim Wise, Angela Smith, Jodie Evans, Janice Elkins, Joan Carter, Mona Heyse, Nikki Chenevert, Brenda Acklin, Pauline Runer-Sims, Sally Gryder, James P. Patin, Jane or John Barbera, Alan J. White, John Garfield, Jonathan

Nitti, Gary H. Hamblin, Edward Fall, Jane Kohlwey, Jane McClaughlin, Mark Mellenthin, John Fiorello, Jill Sommers, Michael Dittman, Michael Meisner, Jane Dutton, Rick Rameaisch, Ken Brown, Reginald Linaught, President John Doe, Columbia County Sheriff John Doe, Deputy Sheriff John Doe, W I Division of Community Supervision Employees, David Knolls, Tim Carpenter, Marilyn Zucbuchen, Angela Doskocil, Sharon Williams, Jule Cavanaugh, Roy Gay, Nicole Walker, and Anne K. Doe.

Plaintiff filed a rambling hand-written 48 page complaint. He claims his removal from the State of Wisconsin to the State of Louisiana was based on forged documents. Plaintiff claims that on September 22, 2002, Pauline Turner-Sims and Reginald Linaught, with the consent and approval of Warden Burl Cain and Secretary Richard Stalder, signed as witnesses to his signature on a waiver of extradition form. Plaintiff claims he did not sign the waiver of extradition form. He claims he had an active State of Utah detainer/warrant lodged against his Louisiana prison records from July 23, 1986 until January 10, 2003. Plaintiff claims he could not have legally executed a waiver of extradition form from Wisconsin to Louisiana when he had active criminal obligations in the State of Utah. He also claims there were no concomitant documents with judicial approval which affirmatively demonstrated that he had been advised of the rights that he was waiving.

Plaintiff claims that on January 10, 2003, he was released from the custody of the Louisiana DOC after serving approximately 19 years of his 35-year sentence which was imposed without the benefit of parole, probation or suspension of sentence. He claims he was illegally released as if on parole pursuant to La. R.S. 15:571.3(a)(b).

Plaintiff claims that on February 24, 2003, he requested an Interstate Compact for Adult Offender Supervision to Wisconsin so he could reside with his sister in Madison, Wisconsin. He claims that on March 7, 2003, he was granted permission to travel to Wisconsin to reside with his family.

Plaintiff claims that on April 1, 2003, he was arrested in Madison, Wisconsin, and charged with one count of disorderly conduct in Criminal Complaint No. 2003-CM-1324. Plaintiff claims that on April 4, 2003, he was provided with an alternative to revocation and released from detention on supervised release.

Plaintiff claims that on April 22, 2003, the Louisiana Board of Parole issued an ex parte parole violation detainer/warrant against him without a stated reason, bill of particulars, or a supporting affidavit in support of its issuance. He claims the Louisiana Board of Parole attached the invalid, fraudulent, and forged waiver of extradition form to the detainer/warrant. Plaintiff claims the Louisiana Parole Board kept the parole violation detainer/warrant lodged against him even though the disorderly conduct charge in Criminal Complaint No. 2003-CM-1324 was dismissed and he was provided with an alternative to revocation and released on supervision.

Plaintiff claims that on April 30, 2003, he was arrested a second time in Wisconsin for taking a vehicle and bag containing change, fleeing law enforcement, and committing first degree injury. He claims that same day, the Wisconsin parole officials held an unconstitutional revocation hearing in his absence and ordered him returned to Louisiana for final disposition.

Plaintiff claims that on June 25, 2003, more than 50 days after his April 30, 2003 arrest in Criminal Complaint No. 2003-CF-1002, he was provided an untimely preliminary revocation probable cause hearing in Wisconsin. He claims the magistrate determined that there was insufficient probable cause to warrant the revocation of his good-time Louisiana parole supervision. He claims all charges in the Wisconsin violation of parole investigative report should have been dismissed and the Louisiana detainer/warrant should have been recalled. Plaintiff claims the magistrate then, in the absence of due process, found probable cause to revoke his Louisiana good-time parole supervision on the basis of the uncharged allegation of his April 1, 2003 arrest in Criminal Complaint No. 2003-CM-1324.

Plaintiff claims more than 60 days lapsed between the issuance of the detainer and the execution of it on June 30, 2003. He claims this violated his due process rights and the Interstate Compact for Adult Offender Supervision.

Plaintiff claims that on June 9, 2004, he received a communication from the Louisiana Probation and Parole Department which deferred further revocation proceedings until he was returned to the physical custody of the La. DOC.

Plaintiff claims that on January 26, 2010, he was detained in the Dane County Jail on the basis of a probation hold. He claims that on March 19, 2010, more than 60 days after he was detained, his attorney petitioned the court for a show of cause to determine the basis for his continued detention. He claims that during the hearing, he discovered that the Louisiana Board of Parole issued a February 15, 2010 parole violation detainer/warrant against him for violating his previously terminated good-time parole supervision based on the April 30, 2003

armed robbery complaint in Wisconsin. Plaintiff claims that on March 23, 2010, his Wisconsin parole agent served on him an untimely, back-dated parole violation report on the basis of Dane County Jail rule infractions. He claims these jail rule infractions would not have occurred if he had not been illegally detained.

Plaintiff claims that on March 30, 2010 and April 21, 2010, his Wisconsin parole supervision violation report was amended to include two additional Dane County Jail rule infractions. He claims that on July 29, 2010, his Wisconsin extended supervision was formally violated. He claims he was therefore sentenced to an additional four and a half years in the Wisconsin DOC.

Plaintiff claims that on September 27, 2010, the Louisiana Board of Parole placed an invalid detainer/warrant against him.

Plaintiff alleges he was falsely detained, arrested, and imprisoned as a parole violator, even though his Louisiana good time parole supervision had been terminated by the Chairman of the Louisiana Board of Parole on September 8, 2009. He also claims his prospective parole violation sentence in Docket No. 42, 972 expired on October 19, 2012, because the sentencing court modified his original 35 year sentence.

Plaintiff claims the Louisiana Board of Parole, without notice required by due process, attempted to rescind its September 8, 2009 order terminating his Louisiana parole supervision. He claims his Louisiana parole supervision remained terminated because the Louisiana Board of Parole recalled its action taken on September 14, 2009 and its prior termination order actually occurred on September 8, 2009.

Plaintiff claims that on April 17, 2012, the Louisiana Board of Parole withdrew the February 15, 2010 detainer/warrant because it had previously violated his Louisiana good-time parole supervision on February 5, 2010. He claims his due process rights were violated because he was not given notice about the automatic revocation proceedings.

Plaintiff claims that on April 24, 2012, the ARDC Classification Specialist at Elayn Hunt Correctional Center and other defendants illegally imprisoned him in violation of his civil rights. He claims that on April 24, 2012, he initiated a writ of habeas corpus in the Wisconsin state courts which challenged the validity of his current detention. He claims the Louisiana DOC then withdrew its illegal April 24, 2012 detainer/warrant. He claims that if his sentence had been calculated properly, it would have been determined that his prospective sentence of eight years, four months, and 22 days expired on October 19, 2012.

Plaintiff claims that at the conclusion of his Wisconsin habeas proceedings, the judge determined that his Louisiana parole supervision was violated on February 5, 2010 and that he had sighed a waiver of extradition form. He claims the court denied his habeas petition but ordered that extradition proceedings be initiated against him notwithstanding the waiver of extradition, if LA DOC officials desired his return to Louisiana upon the completion of his Wisconsin sentence. He claims his Wisconsin sentence had been ordered to run concurrently with his parole violation sentence. Plaintiff claims he could not have legally signed and did not sign a waiver form on September 22, 2002. He further claims that he did not apply for Compact Services until February 24, 2003 which was after his release from the Louisiana Department of Public Safety and Corrections on January 10, 2003.

Plaintiff claims he then filed an appeal to the Wisconsin Court of Appeals regarding the Wisconsin Circuit Court's failure to quash the State of Louisiana's detainer/warrant. He claims he then filed a motion for an amended judgment in the circuit court which the judge denied for lack of jurisdiction because his appeal was pending.

Plaintiff claims that on October 18, 2012, Louisiana prison officials issued a second fraudulent and illegal detainer/warrant which stated that his Louisiana good-time parole had been automatically violated on February 5, 2010 and he had a sentence of 16 years, nine months, and 14 days to serve in Ouachita Parish under Docket No. 42,972. Plaintiff claims that the Louisiana detainer/warrant lodged against his Wisconsin prison records erroneously alleged that he had a 35-year sentence to serve after he was sentenced on May 27, 2004 in the Fourth Judicial District Court in Docket No. 42,972. Plaintiff claims he was sentenced to a non-parolable offense in Louisiana on June 4, 1985, not May 27, 2004. He claims he only had 16 years, nine months and 14 days to serve in Louisiana, not 35 years.

Plaintiff claims that on November 20, 2012, Judge White issued an order which required he be removed from the State of Wisconsin to the State of Louisiana on the basis of false representations that his Louisiana good-time parole supervision was automatically violated on February 5, 2010. He claims the Louisiana DOC could not have legally revoked his good-time parole supervision on the basis of the Wisconsin armed robbery charge in criminal complaint #2003-cf-1002 because a Wisconsin judge found there was not sufficient probable cause for the revocation on June 25, 2003.

Plaintiff claims he contacted Judge Alan White and informed him that Wisconsin

prison officials were intent on violating his November 20, 2012 order by removing him to Louisiana without extradition proceedings. He claims he asked the court to order Louisiana officials to institute extradition proceedings against him on or before July 22, 2014 or stay the execution of the detainer/warrant until the Wisconsin appellate court ruled in his case # 2012-AP-2725.

Plaintiff claims that on June 27, 2014, Judge Alan White replied that the matter was still on appeal and that he had appealed his order requiring extradition. He claims Judge Alan White informed him that he had issued an oral order requiring the State of Louisiana to institute extradition proceedings and that he had no jurisdiction to interfere until the matter was resolved.

Plaintiff claims he then petitioned the Wisconsin Court of Appeals to either order the State of Louisiana to effect his court ordered extradition or stay the extradition order until he had exhausted his appellate remedies. He claims that on July 3, 2014, the Wisconsin Court of Appeals denied his motion for relief pending appeal but ruled that Judge White did have jurisdiction.

Plaintiff claims that on July 14, 2014, Judge Alan White issued an order staying the execution of the Louisiana detainer and setting a hearing for August 26, 2014. He claims the court ordered a July 19, 2014 hearing. He claims he was not appointed counsel for the hearing and he was excluded from the hearing. Plaintiff claims that after the July 19, 2014 hearing, Judge Alan White issued a second order staying the execution of the Louisiana detainer until a decision had been reached in case no. 2012-AP-2725 and ordering him

detained indefinitely without probable cause. Plaintiff claims he was therefore denied due process because he was falsely arrested and imprisoned without probable cause.

Plaintiff claims the trial court then ordered him illegally detained in the Columbia County Jail without a statutory basis in the absence of instituting a prerequisite extradition warrant against him. He claims there was no legal basis for his detention as a Louisiana good-time parole violator after having spent from April 22, 2003 until July 22, 2014, in the Wisconsin Department of Corrections with an invalid and illegal parole violation detainer/warrant from Louisiana lodged against his Wisconsin jail and prison records. He claims the detainer/warrant limited his ability to reduce his security level, his ability to participate in rehabilitative programs, and his ability to earn good-time credits, be eligible for parole, and have his sentences run concurrently.

Plaintiff claims that on July 29, 2014, the Wisconsin Court of Appeals denied his writ of review in No. 2012-AP-2725.

Plaintiff claims that on August 2, 2014, he was removed to the State of Louisiana from the State of Wisconsin Wisconsin based on an illegal, forged and fraudulent September 22, 2003 waiver form. He claims the execution order was still stayed and no extradition proceedings were held. He claims he could not and did not waive his right of extradition from Wisconsin to Louisiana at a time when he had pending criminal obligations in the State of Utah. Plaintiff also claims he was illegally removed in violation of Wisconsin state law. He claims the Wisconsin sentencing judge ordered his Wisconsin 20-year sentence in Criminal Complaint No. 2003-CF-1002 to run concurrently with his prospective parole

violation sentence in Louisiana Criminal Docket No. 42,972.

Plaintiff claims his illegal removal to Louisiana occurred at a time when he had previously served a Louisiana armed robbery sentence which was without benefit of parole. He also claims that his illegal good-time parole supervision was terminated on September 8, 2009 by the Louisiana Board of Parole. Plaintiff therefore claims that his potential Louisiana parole violation sentence expired on October 19, 2012, which was years before his illegal return to Louisiana on August 2, 2014.

Plaintiff claims that after he was returned to custody in Louisiana, he learned that his parole was violated on April 16, 2012 and not February 5, 2010.

Plaintiff claims he was falsely imprisoned at the Elayn Hunt Correctional Center and immediately alerted prison authorities of his false imprisonment. He claims prison officials refused to release him and properly calculate his sentence. Plaintiff claims he was then transferred to the David Wade Correctional Center and then the Winn Correctional Center.

Accordingly, Plaintiff seeks compensatory, actual, and punitive damages.

## LAW AND ANALYSIS

Plaintiff claims his parole revocations and sentences are illegal. Plaintiff is seeking monetary damages for allegedly unconstitutional parole revocations and sentences. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. The holding in Heck has been extended to parole revocation proceedings and challenges to the duration of parole. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995), cert. denied, 516 U.S. 851, 116 S.Ct. 148, 133 L.Ed.2d 93 (1995); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998).

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his convictions, parole revocations and/or sentences have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his convictions, parole revocations and/or sentences have been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before

or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages for his allegedly unconstitutional convictions and sentences be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

    **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 30th day of October, 2017.

                                                       Mark L. Hornsby
                                                       U.S. Magistrate Judge